Filed 7/16/26  In re M.B. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re M.B., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B343831 (Cons. w/ B343833 & B343834 Super. Ct. No. 2022016611 (Cons. w/ 2024017003 & 2024013198) (Ventura County) |
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>M.B.,<br><br>   Defendant and Appellant. | |

M.B. appeals following the juvenile court's dispositional order regarding three petitions under Welfare and Institutions Code section 602.[1]  Appellant contends:  (1) the court "did not

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

declare on the record that either of [his] two aggravated assault offenses was a felony or a misdemeanor, as required" by section 702; (2) section 730.6 requires that the restitution fines imposed must be stricken; and (3) the precommitment credits must be corrected.  We agree with all three contentions.  Accordingly, we will strike the restitution fines, correct the credits, and remand for a juvenile court declaration pursuant to section 702.

PROCEDURAL BACKGROUND

*Case Number B343831*

In March 2023, an amended section 602 petition alleged appellant committed the crime of weapons on school grounds (Pen. Code, § 626.10, subd. (a)), a misdemeanor, and attempted second degree robbery (Pen. Code, §§ 664, 211), a felony.  In April, appellant admitted he committed both offenses.  The court declared appellant a ward of the court and ordered 60 days of electronic monitoring.

*Case Number B343834*

In May 2024, a section 602 petition alleged appellant committed assault with force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)), a felony.  On June 11, 2024, the court sustained the petition after a contested hearing and continued the case for disposition.

*Case Number B343833*

On June 25, 2024, a section 602 petition alleged appellant committed assault with force likely to produce great bodily injury (Pen. Code, §245, subd. (a)(4)), a felony.  In October, the court sustained the petition and continued the case for disposition.

*Disposition Hearing*

At the December 13, 2024 disposition hearing, the court continued appellant as a ward, ordered him to serve 700 days at the juvenile justice facility plus 30 days on electronic monitoring,

2

and awarded 211 days of credit.  The court set the maximum term of confinement at seven years, four months.

## DISCUSSION

### Section 702 Declaration

Section 702 provides, in part, that when a "minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony." (§ 702.)  "Section 702 requires the juvenile court to declare on the record at a hearing 'before or at the time of disposition' its choice whether to treat an alleged wobbler as a misdemeanor or as a felony.  [Citation.]  '[N]either the pleading, the minute order, nor the setting of a felony-level period of . . . confinement may substitute' for the required declaration."  (*In re F.M.* (2023) 14 Cal.5th 701, 712.)

"A section 702 error is not harmless unless the record shows that the juvenile court was 'aware of, and exercised its discretion' as to each wobbler alleged against the minor."  (*In re F.M.*, *supra*, 14 Cal.5th at p. 717.)  "The 'key issue' under this standard is whether the juvenile court 'was aware of its discretion' under section 702."  (*Id.* at p. 712.)

Here, the juvenile court did not declare on the record, at a hearing, whether it would treat the Penal Code section 245, subdivision (a)(4) wobblers as felonies or misdemeanors.  (See *In re F.M.*, *supra*, 14 Cal.5th at p. 706 [assault with force likely to produce great bodily injury is a wobbler].)

This section 702 error was not harmless.  Signed minute orders in the two assault cases stated, "Pursuant to Juvenile Court Rule 5.795(a), the court finds the offense to be a Felony as to count 1."  This language tracks recommendations in a memorandum probation filed for disposition.  However, rule

3

5.795(a) states that for any wobbler, "the court must consider which description applies and *expressly declare on the record* that it has made such consideration and must state its determination as to whether the offense is a misdemeanor or a felony." (Cal. Rules of Court, rule 5.795(a), italics added.) The court's failure to comply with the very rule cited undermines any inference that it was aware of its discretion. Accordingly, we will accept the People's concession that remand is warranted.

*Restitution Fines*

The juvenile court imposed three $200 restitution fines. Effective January 1, 2025, Assembly Bill No. 1186 (2023-2024 Reg. Sess.) amended section 730.6 to remove the requirement that a minor pay a restitution fine. (Stats. 2024, ch. 805, § 6.) The relevant portion of the statute now provides: "The court shall not impose a separate and additional restitution fine against a minor found to be a person described in Section 602." (§ 730.6, subd. (a)(2).) Appellant is entitled to the ameliorative benefit of this amendment. (See *In re Estrada* (1965) 63 Cal.2d 740, 745-746.)

*Credits*

Appellant contends he is entitled to 462 days of precommitment credits rather than the 211 days the juvenile court awarded. We agree.

"'[A] minor is entitled to credit against his or her maximum term of confinement for the time spent in custody before the disposition hearing' . . . . '[W]hen a juvenile court elects to aggregate a minor's period of physical confinement on multiple petitions . . . , the court must also aggregate the predisposition custody credits attributable to those multiple petitions.'" (*In re A.M.* (2014) 225 Cal.App.4th 1075, 1085-1086.)

4

Here, the court aggregated multiple petitions to reach a maximum confinement term of seven years, four months. Appellant is entitled to credits accrued under each aggregated petition. According to probation's custody time worksheet, those credits total to 462 days.

The People contend appellant should not receive credit for the 59 days he spent on electronic monitoring. However, section 628.2, subdivision (c) provides: "A minor shall be entitled to have one day credited against the minor's maximum term of confinement for each day, or fraction thereof, that the minor serves on electronic monitoring. The provision of custody credits pursuant to this subdivision shall apply to custody credits earned beginning January 1, 2023." Because appellant was on electronic monitoring after January 1, 2023, he is entitled to credits for that time.

## DISPOSITION

The juvenile court's orders imposing restitution fines are stricken. The disposition order is modified to award appellant 462 days of credit as of December 13, 2024. Pursuant to section 702, the matter is remanded for the court to declare on the record, at a hearing, whether appellant's two violations of Penal Code section 245, subdivision (a)(4) are misdemeanors or felonies. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

YEGAN, Acting P. J.          BALTODANO, J.

5

Ferdinand D. Inumerable, Judge
Superior Court County of Ventura

_____

Mary Bernstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Kathy S. Pomerantz, Deputy Attorney General.